*DORSEY* vs. *VIDAL.*

On a lease for one year, the rent payable monthly, the lessor has a privilege for ar-rearages—be-yond the last month.

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. This case presents for decision the question, whether the lessor of a tenement, which has been leased for one year, the rent to be paid monthly, has a privilege on the ef-fects of third persons, found on the premises, not only for the current month, but for the ar-rearages due on those which preceded it?

The expressions in our code are sufficiently extensive to embrace all the plaintiff demands; and we cannot limit them in their application, unless we exercise an authority not vested in us. The words of the law are : That the rent of real property is privileged on the moveables found on the premises. If we should say, this privilege existed only for part of the rent, as it

East'n. District
*Dec.* 1823.

DORSEY
*vs.*
VIDAL.

is contended we ought, we should certainly be saying, not only what the legislature has not said, but something quite different from it. According to Febrero, the law of the partidas, which gives the landlord a privilege on all the property the lessee puts on the premises, extends to that placed there by the sub-lessee, because, *las leyes hablan genérica è indistintamente, y asi no debemos distinguir.* We applied this peinciple in the case of *Grayson* vs. *Veeche,* when it was pressed on us that an act of our legislature which permitted a creditor to attach the debtor's credits, did not authorise the plaintiff to levy on a debt due by him to the defendant. *Febrero judicio de concurso, lib. 3, cap.* 3. § 31. *Pa.* 4. 8. 5, *Civil Code,* 468. *c.* 74. 12 *Martin,* 690.

No such distinction as that contended for by the owner of the property seized, existed in the Spanish law ; nor is any such to be found in that title, in the Roman digest, which appears to have been the origin of the legislation on this subject among modern nations. The Custom of Orleans contained a provision, which in general terms confined this privilege on landlords; and although *Lalande,* in his *Commentary,* makes a distinction between contracts of lease

East'n District.
*Dec.* 1823.

DORSEY,
*vs.*
VIDAL.

by public act, and those under *sous seing prive,* *Pothier* states expressly, that no such distinction existed ; and that it was every day's practice, to accord the preference even for the unexpired time the lease had to run. The framers of the *Napoleon Code,* who thought proper to affix a limitation to the right of the lessor, deemed it necessary to declare so by positive enactment. The compilers of our code, and the legislature who adopted it, in using language so entirely dissimilar, must be presumed to have entertained different views of the policy and propriety of such a restriction. *Febrero, loco citato. Dig. liv.* 20, *tit.* 2. *Pothier, Traite du contrat de louage, no.* 252. *Code Napoleon,* 2102.

The judgment of the partsh court is therefore affirmed, with costs.

*Smith* & *Conrad* for the plaintiff, *Eustis* for the defendant.*

---

* The remaining cases of this term will be continued in next volume.